{¶ 21} Although I concur in the majority's decision, that sovereign immunity does not apply sub judice, I believe it is important to discuss the nature of the proffered defense by appellant.
 {¶ 22} Under a summary judgment standard, all evidentiary facts are to be construed in favor of the non-moving party, appellee herein. The facts that must be so construed include the testimony of Sarah Allender which indicates she did not see the stop sign until it was too late to avoid the collision. Ms. Allender stated she did not see the stop sign because it was obscured by bushes. See, Exhibits C and D, attached to Appellee's September 9, 2004 Memorandum in Opposition to Motion for Summary Judgment.
 {¶ 23} In addition, appellant admitted in its answers to interrogatories that it regularly inspected the shrubs in the vicinity of the intersection. See, Exhibit E, attached to Appellee's September 9, 2004 Memorandum in Opposition to Motion for Summary Judgment. Further, the county engineer could not say with certainty whether the foliage at the intersection had ever been trimmed. Rehfus depo. at 63.
 {¶ 24} Therefore, I would conclude the defense of sovereign immunity does not apply because there are genuine issues of material fact. R.C.2744.02(B)(3) places a duty upon appellant to keep the public roads and stop signs free from obstruction. In appellant's third tier of its motion for summary judgment, the issue of proximate cause is argued and this issue alone is argued to this court. The issue of sovereign immunity resolved against appellant was appealable to this court. The issue of proximate cause does not get
 {¶ 25} bootstrapped into the mandates of automatic appeal and is not a final appealable order. See, R.C. 2744.02(C).
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the Stark County Court of Common Pleas is affirmed. Costs assessed to Defendant-Appellant Stark County Board of Commissioners.